UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| S.R.C., a minor child, by her next friends, JOHN COBBETT-WALDEN and JENNIFER LEE LAURENZA | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-CV-12676-AK |
| STAVERNE MILLER, in her official capacity as Commissioner of the MA Department of Children and Families, and DR. KIAME MAHANIAH, in his official capacity as Secretary of the MA Executive Office of Health & Human Services, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER ON
### ESVIN O. GREGORIO CABRERA'S MOTION TO INTERVENE

**ANGEL KELLEY, D.J.**

Before this court is the Motion to Intervene by Esvin O. Gregorio Cabrera ("Mr. Cabrera"), Plaintiff's father. For the following reasons, Mr. Cabrera's Motion to Intervene [Dkt. 41] is **GRANTED**.

**I.   BACKGROUND**

This case arises from a custody dispute in Massachusetts Juvenile Court. On September 8, 2025, the Juvenile Court permanently returned custody of eight-year-old Plaintiff, S.R.C., to her father, Mr. Cabrera. Because Mr. Cabrera lives in Guatemala, the Juvenile Court stayed its

1

order until S.R.C. was in Mr. Cabrera's physical custody, granted the Massachusetts Department of Children and Families ("DCF") temporary custody of S.R.C., and directed DCF to transition S.R.C. to Mr. Cabrera's custody in Guatemala.

On September 19, 2025, Plaintiff, through her "next friends" and foster parents, John Cobbett-Walden and Jennifer Lee Laurenza, filed a complaint in federal court [Dkt. 1] alleging that DCF's international transportation of Plaintiff violated her rights under the Citizenship and Equal Protection Clauses, and her procedural and substantive due process rights. That same day, Plaintiff also filed an Emergency Motion for Temporary Restraining Order ("TRO Motion") [Dkt. 2] requesting the Court halt Plaintiff's transfer to Guatemala.

On September 19, 2025, the Court entered an order [Dkt. 8] requiring, *inter alia*, that Plaintiff not be moved from her current residence, the United States, nor the Commonwealth of Massachusetts. On September 23, 2025, the parties filed a joint letter to the Court [Dkt. 15] in which DCF agreed that, until the Court issues a decision on the Motion, Plaintiff will not be removed from the United States, nor the Commonwealth of Massachusetts.

Defendants filed their opposition to Plaintiff's TRO Motion [Dkt. 22] on September 29, 2025, and, after requesting and being granted an extension of time to file, Plaintiff filed a reply to Defendants' Opposition on October 10, 2025 [Dkt. 31]. On October 31, 2025, Mr. Cabrera filed the instant Motion to Intervene [Dkt. 41].

## II.    DISCUSSION

To intervene as of right under Fed. R. Civ. P. 24(a)(2), the proposed intervenor must establish "(1) the motion was timely, (2) it has the requisite interest relating to the property or transaction which is the subject of the action, (3) the action may as a practical matter impair or impede its ability to protect that interest and (4) its interest is not adequately represented by

existing parties." United Nuclear Corp. v. Cannon, 696 F.2d 141, 142-43 (1st Cir. 1982). Mr. Cabrera meets all four criteria.

First, Mr. Cabrera's intervention is timely. The timeliness of a motion to intervene is "fact-sensitive and depends on the totality of the circumstances." R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009). Courts look to four factors to determine whether intervention is timely: "(i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." Id.

Mr. Cabrera meets all four timeliness factors. Plaintiff's TRO Motion was filed on September 19, 2025, and briefing was not complete until October 10, 2025. Mr. Cabrera filed his Motion to Intervene on October 31, 2025. Plaintiff argues that this time lapse is unreasonable because Mr. Cabrera promptly learned of the TRO Motion and was already represented. However, this delay is reasonable because Mr. Cabrera's prior attorney was an attorney appointed to him by the state for his Juvenile Court case and was not admitted before this Court. Additionally, Mr. Cabrera faced the added challenge of hiring an attorney who can appear before this Court while living internationally. At the time Mr. Cabrera filed his motion, there were no substantive rulings by the Court and no agreements between the parties. The slight delay does not prejudice the Plaintiff's because this case is only at its initial stage. See Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 64-65 (1st Cir. 2008)) ("In the absence of any discovery or substantive legal progress, we cannot say the litigation was in any way at an 'advanced stage.'").

3

As expounded upon in greater depth below, should intervention be denied, Mr. Cabrera could face significant prejudice.

To the second intervention factor, Mr. Cabrera has the required interest in this litigation. Parents have a strong interest in care, custody, and control with their children. See Troxel v. Granville, 530 U.S. 57, 65 (2000) (plurality opinion) ("The liberty interest . . . of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court."). Plaintiff is challenging the constitutionality of Defendants' treatment of her while in their custody. Mr. Cabrera is Plaintiff's father and, therefore, has a strong interest in the outcome of the lawsuit.

Third, this lawsuit could significantly impact Mr. Cabrera's ability to protect his interest in the care, custody, and control of his family. This lawsuit has already prolonged Mr. Cabrera's separation from his daughter. If Plaintiff succeeds, that separation could be stretched for months or years. Such a long separation could significantly and permanently affect their relationship.

Finally, DCF does not adequately represent Mr. Cabrera's interests. A prospective intervenor must show that their interests are not already adequately represented by another party. United Nuclear Corp., 696 F.2d at 144. There is a presumption of adequacy where the intervenor "has the same ultimate goal as a party." Id. This presumption is even greater where "the intervenor attempts to enter on the same side as a government agency to defend the agency's decision." Nextel Commc'ns of Mid-Atl., Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 151 (D. Mass. 2004) (citing Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207 (1st Cir. 1998)). However, the burden of overcoming the presumption is not onerous: the "intervenor need only show that representation may be inadequate, not that it is inadequate." Conservation L. Found. of New England, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992).

DCF has "dual obligations – to protect children and yet simultaneously to respect the right of families to be free from unwarranted state intervention." 110 Mass. Code Regs. 1.01 (2009).  Meanwhile, Mr. Cabrera's interests are solely his own.  DCF's broader obligations could easily result in litigation positions which are contrary to Mr. Cabrera's interests.  See Conservation L. Found. of New England, Inc., 966 F.2d at 44 ("[A] governmental entity charged by law with representing the public interest of its citizens might shirk its duty were it to advance the narrower interest of a private entity. . . [and] find itself in a conflict of interest.").  Due to this potential conflict, Mr. Cabrera's interests are not adequately represented by DCF.

### III. CONCLUSION

For the foregoing reasons Mr. Cabrera's Motion to Intervene [Dkt. 41] is **GRANTED**.

**SO ORDERED.**

Dated: November 24, 2025                                    /s/ Angel Kelley
                                                            Hon. Angel Kelley
                                                            United States District Judge