UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S.R.C., a minor child, by her next friends,<br>John Cobbett-Walden and Jennifer Lee Laurenza,<br><br>                         Plaintiff,<br><br>v.<br><br>STAVERNE MILLER, in her official capacity as Commissioner of the Massachusetts Department of Children and Families; and DR. KIAME MAHANIAH, in his official capacity as Secretary of the Executive Office of Health and Human Services,<br><br>                        Defendants. | CIVIL ACTION<br>NO. 1:25-cv-12676-AK |

**PLAINTIFFS' NOTICE OF SUPPLEMENTARY FACTS**

In light of recent developments pertinent to the pending emergency motion before this Court, Plaintiff S.R.C., by her Next Friends John Cobbett-Walden and Jennifer Lee Laurenza, hereby submits the following notice of supplementary facts that were discovered yesterday (January 27, 2026) concerning the previously undiscussed criminal history of Intervenor Biological Father Esvin O. Gregorio Cabrera ("Intervenor"). These facts are set forth in the accompanying Affidavit of Attorney Kirsten Zwicker and related exhibits.

**Supplementary Facts Newly Discovered**

1. **Discovery of Multiple Aliases and Identity Discrepancies**

    Since the filing of this federal action, counsel for Plaintiff has discovered that Intervenor has repeatedly used multiple names and identities in interactions with law enforcement and the courts, including but not limited to: Nemorio M. Noriega, Nemorio M. Noriega-

4934-6757-0059, v. 1

Tellez, Esvin Otoniel Gregorio-Cabrera, and Esvin Gregorio Cabrera. Arrest records, criminal dockets, and booking photographs confirm that these names refer to the same individual.

2. **Previously Undisclosed Criminal History**

Although Intervenor's criminal history and outstanding warrants are highly material to the issues considered by the Juvenile Court in the underlying care and custody proceeding, the Juvenile Court did not consider that Intervenor has an extensive criminal history in the Commonwealth of Massachusetts, including multiple arraignments in Dorchester District Court and the Boston Municipal Court on charges that include assault and battery, assault with a dangerous weapon involving a police officer, trafficking cocaine, possession with intent to distribute a Class B substance, furnishing false identification at arrest, unlicensed operation of a motor vehicle, and failure to stop for police. Several of these matters remain open, with default warrants issued as recently as March 25, 2025.

3. **Dangerousness Finding and Outstanding Warrants**

Court records reflect that Intervenor was held to conduct a dangerousness hearing pursuant to G.L. c. 276, § 58A in March 2017 and was ordered held on cash bail, with a condition that any passport be surrendered prior to his release on bail.[1] At present, Intervenor remains subject to active default warrants issued by the Dorchester District Court for serious felony offenses, including drug trafficking and assault with a dangerous weapon.

---

[1] The record reflects that Intervenor was released on bail in 2017, but does not reflect whether he turned in his passport. The record does reflect that following his deportation in 2018, Intervenor was subsequently unable to furnish a passport to DCF officials at their request but told DCF he was "working on getting a passport."

4. **Open Criminal Matters With Active Default Warrants.** Court records further reflect that Intervenor Father is presently subject to open criminal matters with active default warrants issued by the Dorchester District Court. Specifically, under Dockets No. 1707CR000974 and 1807CR000923, Intervenor was charged with:

   - trafficking cocaine in eighteen grams or more in violation of G.L. c. 94C, § 32E(b);
   - assault with a dangerous weapon in violation of G.L. c. 265, § 15B(b);
   - failure to stop for police in violation of G.L. c. 90, § 25;
   - 2 counts unlicensed operation of a motor vehicle in violation of G.L. c. 90, § 10;
   - possession of a Class B substance with intent to distribute in violation of G.L. c. 94C, § 32A(a); and
   - furnishing false identification information at arrest in violation of G.L. c. 268, § 34A;

   <u>Default warrants issued in March 2025 remain outstanding in both matters.</u>

5. **Arrest and Custodial Transfers in October 2024**

   On October 19, 2024, Intervenor was arrested by the Waltham Police Department after a motor vehicle stop, at which time officers discovered multiple active warrants issued by the Dorchester District Court. Intervenor was held in state custody, transferred to Dorchester District Court, and subsequently detained at the Suffolk County Jail. Records reflect that Intervenor was not initially in federal immigration custody at the time of his arrest.

6. **Subsequent ICE Custody and Deportation History**

   Court dockets indicate that Intervenor was transferred to ICE custody following state

3

court proceedings and was deported from the United States at least once previously, between 2018 and 2019. Intervenor again entered ICE custody following his October 2024 arrest. The precise timing and legal basis of Intervenor's subsequent deportation was not clearly documented in the record previously presented to the Juvenile Court or this Court.

7. **Department of Children and Families' Awareness of Criminal Discrepancies**

    On information and belief, the Department of Children and Families should have been aware of discrepancies in Intervenor's criminal history as early as July 2024, when background checks revealed arrests under different names. Despite these discrepancies, it does not appear that DCF resolved questions concerning Intervenor's identity, obtained complete criminal records from the courts involved.  It appears that DCF relied on Intervenor's denials of criminal conduct.  It is unclear whether, during the pendency of its "reunification" planning, DCF obtained or reviewed a valid passport, driver's license, or other government-issued identification confirming Intervenor's identity.

8. **International Coordination Difficulties**

    Communications between DCF and the Guatemalan Consulate reflect that the Consulate declined to issue travel documentation for S.R.C. or to facilitate reunification in Guatemala due to unresolved concerns regarding Intervenor's failure to register the child with Guatemalan authorities, identity verification, and the information provided by DCF concerning S.R.C.'s circumstances.

9. **Purpose of Submission**

Plaintiff submits these supplementary facts so that the Court has accurate and complete information bearing on the pending emergency motions, including issues of jurisdiction, abstention, irreparable harm, and the safety and constitutional rights of the subject child.

> Respectfully submitted,
>
> S.R.C., a minor child,
> by her next friends,
> JOHN COBBETT-WALDEN and JENNIFER LEE LAURENZA,
>
> By their attorneys,
>
> */s/ Kirsten A. Zwicker*
> _____
> Kirsten A. Zwicker, BBO #637834
> Andrew R. Dennington, BBO #666892
> Anne M. Stevenson, BBO #699431
> Conn Kavanaugh Rosenthal Peisch & Ford, LLP
> One Federal Street, 15th Floor
> Boston, MA 02110
> (617) 482-8200
> kzwicker@connkavanaugh.com
> adennington@connkavanaugh.com
> astevenson@connkavanaugh.com

Dated: January 28, 2026

### CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF, system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that electronic copies will be sent to any counsel indicated as non-registered participants by e-mail on January 28, 2026.

> */s/ Anne M. Stevenson*
> Anne M. Stevenson

4934-6757-0059, v. 1